**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN P. OLIVER,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 02-1319
D.C. No. 02-Z-634
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

      Plaintiff-Appellant Steven P. Oliver, a federal prisoner appearing pro se,

appeals the dismissal of his federal civil rights complaint for failure to comply

with the district court's order requiring him to pay an initial partial filing fee or

show cause why he has no assets or means by which to pay the fee.  Our

jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Mr. Oliver's complaint alleges that since 1999, an unknown individual or group of individuals has systematically engaged in the theft and forgery of his incoming and outgoing mail. The complaint further claims that the alleged interference with his mail has resulted in the submission of forged, altered, and incomplete pleadings to the various federal district courts where he has had lawsuits pending during the past three years. Mr. Oliver therefore argues that because "no govt. agency will initiate investigation to stop [the] theft and forgery," R. Doc. 7 at 3, he has essentially been denied access to the courts in violation of his constitutional rights. Id.

In addition to his complaint Mr. Oliver filed a motion seeking leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On April 22, 2002 the district court granted the motion and ordered Mr. Oliver to either pay an initial partial filing fee of nine dollars or show cause why he had no means by which to pay the fee. In so doing, the district court informed Mr. Oliver that it would not review the merits of his complaint until he complied with the order, and warned that a failure to do so within 30 days would result in dismissal of the action. In a subsequent order filed on May 14, 2002, the court denied several motions filed by Mr. Oliver and granted him an extension of 30 days from the date of the order to comply. On June 26, 2002, the district court entered an order and judgment of dismissal finding that Mr. Oliver had failed to either pay the fee or show cause

why he had no means by which to do so.  On that basis, the district court dismissed the action without prejudice and denied all pending motions as moot. This appeal followed.

Mr. Oliver presents essentially two claims before this court.  First, Mr. Oliver argues that his refusal to pay the initial partial filing fee is "protected" because the equal protection clause guarantees him the right to prevent a court from ruling upon pleadings which appear to him to be unauthorized forgeries. Aplt. Br. at B-11, B-17.  Second, Mr. Oliver claims that there should be a system in place to ensure that pleadings are not tampered with and that such a system should be used in the present action to provide him with "nontamperable [sic] copies of what the Court has received in my name, past, current and future." Aplt. Br. at B-19.  Because we reject Mr. Oliver's first claim, we decline to reach the second inasmuch as it would require us to address the merits of his complaint.

We review for an abuse of discretion a district court's dismissal for failure to comply with a court order.  See Mobley v. McCormick, 40 F.3d 337, 340, 341 (10th Cir. 1994) (reviewing for an abuse of discretion an involuntary dismissal under Fed. R. Civ. P. 41(b) for failure to abide by the terms of a prior court order); cf. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983) (holding that the decision to grant or deny in forma pauperis status lies within the sound discretion of the district court).  Accordingly, we turn to an analysis of

whether the court abused its discretion by dismissing Mr. Oliver's action for failure to either pay the initial partial filing fee or show cause why he had no means or assets by which to do so.

In 1996, Congress enacted the Prisoner Litigation Reform Act ("PLRA"), which, *inter alia*, amended 28 U.S.C. § 1915 to require that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). We acknowledge that the PLRA does not prohibit a prisoner from initiating a civil action where he has "no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). However, where, as here, a prisoner fails to make such a showing and also fails to pay the initial partial filing fee assessed by the court, the district court may dismiss the action. See In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (holding that under the PLRA, failure to comply with § 1915(b)(1) "may result in dismissal of a prisoner's action."). Furthermore, the Federal Rules of Civil Procedure permit a district court to exercise its discretion to dismiss an action "for failure of the plaintiff to prosecute or to comply with ... any order of court." Fed. R. Civ. P. 41(b); see also Mobley, 40 F.3d at 340 n.1.

Significantly, Mr. Oliver does not contend on appeal that he lacks the means to pay the fee or that he has in some way been denied the opportunity to do so. Rather, Mr. Oliver states that he has chosen not to pay the fee, and contends

that his refusal is constitutionally justified in light of what he perceives to be a very real threat of theft or alteration of his legal correspondence. We disagree. Even if Mr. Oliver could prove that some malevolent interloper has periodically interfered with his outgoing mail, the fact remains that he has not so much as attempted to comply with the district court's order. Moreover, we fail to see how requiring Mr. Oliver to pay such a fee, even if doing so might subject his correspondence to a risk of theft or alteration, would have the effect of denying him of any of his constitutional rights. Had he paid the initial partial filing fee, Mr. Oliver could have then properly obtained a disposition on the merits of his claim. This he failed to do. The district court did not abuse its discretion by dismissing Mr. Oliver's action without prejudice.

AFFIRMED. All pending motions are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge